**BEDDING COMPONENT MANUFACTORS, LTD.,**
Appellant,

v.

**ROYAL SLEEP PRODUCTS, INC.,**
d/b/a Dade Bedding, Appellee.

No. 05–02–01723–CV.

Court of Appeals of Texas,
Dallas.

June 11, 2003.

Eric D. Fein, Eric D. Fein, P.C. & Associates, Dallas, for appellant.

Jacob N. Pollack, Dallas, for appellee.

Before Justices BRIDGES, O'NEILL, and FITZGERALD.

## OPINION

Opinion by Justice BRIDGES.

Bedding Component Manufactors, Ltd. (B.C.M.) appeals the trial court's order granting the special appearance of Royal Sleep Products, Inc. d/b/a Dade Bedding (Dade) and awarding Dade attorney's fees and court costs. B.C.M.'s brief raises the issue of whether the trial court erred in awarding attorney's fees and court costs to Dade. For the reasons that follow, we reverse the trial court's award of attorney's fees and court costs and render judgment that Dade take nothing.

Prior to submission, Dade filed a motion entitled "Appellee's Motion to Reverse and Remand for Further Proceedings" in which Dade concedes the trial court did not follow the necessary procedures for an award of attorney's fees and court costs as a sanction against B.C.M. Specifically, Dade concedes that the trial court did not conduct a hearing on the sanctions issue in compliance with rule 13 of the rules of civil procedure. *See* Tex.R. Civ. P. 13. However, Dade moves this Court to remand this matter for further proceedings while

B.C.M. argues we should reverse and render judgment that Dade take nothing on its claims for attorney's fees and court costs. We agree with B.C.M.

 Dade concedes that its motion for sanctions was set for a hearing on the same day that its special appearance was set for trial. Dade further concedes the record does not indicate a hearing occurred in compliance with rule 13. There is no reporter's record in this case. Without a hearing on a motion for sanctions, the trial court has no evidence before it to determine that a pleading is sanctionable. *See Alejandro v. Bell,* 84 S.W.3d 383, 392 (Tex.App.-Corpus Christi 2002, no pet.). Thus, though the trial court set a hearing on Dade's motion for sanctions, no such hearing took place, and Dade concedes this was error. Under these circumstances, we decline to remand for further proceedings when Dade has already had its chance to present evidence on its motion for sanctions to the trial court.

Accordingly, we reverse the trial court's award of attorney's fees and court costs and render judgment that Dade take nothing.