**AFFIRM; and Opinion Filed July 22, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00991-CV**

**CAMBRIDGE LEGACY GROUP, INC., Appellant**
**V.**
**RAVI JAIN, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-06-11807-I**

## OPINION

Before Justices FitzGerald and Lewis[1]
Opinion by Justice Lewis

The issue in this appeal centers on the judicial confirmation of an arbitration award. Appellant Cambridge Legacy Group, Inc. (Cambridge) appeals the trial court's final judgment confirming an arbitration award in favor of appellee Ravi Jain (Jain). In one issue, Cambridge argues the trial court erred in confirming the arbitration award because the arbitrators exceeded their powers in making an award in favor of Jain. For the reasons stated below, we affirm the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jain is a registered representative and advisor in the securities business. Cambridge, a Texas corporation, is a securities brokerage and registered investment advisor firm. In March

---

[1] The Honorable Mary Murphy was on the panel and participated at the submission of this case. Due to her retirement from this Court on June 7, 2013, she did not participate in the issuance of this Opinion. *See* TEX. R. APP. P. 41.1(a), (b).

2002, Jain and Cambridge executed a letter agreement (the option income agreement) whereby Jain agreed to implement and manage an investment program for the benefit of the clients of Cambridge and its affiliated companies and advisors. The option income agreement set out terms for expense and revenue sharing, performance bonuses, and buyout considerations. In October 2003, the parties executed an addendum to the option income agreement, adding a second investment program (the CaGe program) to Jain's portfolio management. The addendum included provisions detailing fee arrangements, revenue sharing, and buyout considerations.

On March 5, 2004, Jain executed a solicitor agreement with Cambridge Legacy Advisors, Inc. (CLA), a wholly owned subsidiary of Cambridge, whereby Jain agreed to solicit potential investment clients for CLA in return for referral fees to be paid by CLA. In January 2005, Cambridge and Jain executed a second addendum to the option income agreement, adding a third investment program (the dividend plus program) to Jain's portfolio management. The second addendum was signed by O. Ben Carroll, Chairman & CEO, The Cambridge Legacy Group, and Ravi Jain, Portfolio Manager; however, the first paragraph of the second addendum recites that the agreement was among Cambridge, its affiliate CLA, and Jain.

In November 2006, Cambridge notified Jain that it had determined the investment programs managed by Jain were not economically feasible and it intended to terminate them. Jain rejected Cambridge's assertion of non-feasibility and demanded that Cambridge pay the revenue sharing fees, referral fees, and buyout fees allegedly due him. When Cambridge refused to pay the amounts demanded by Jain, Jain filed suit against Cambridge for breach of contract. Cambridge filed an answer and counterclaim. For over a year, the parties conducted discovery and filed amended pleadings. In February 2008, Cambridge filed a motion to compel arbitration before a Financial Industry Regulatory Authority (FINRA) panel of arbitrators, and to stay the litigation pending arbitration. On February 21, 2008, the trial court signed an order granting

Cambridge's motion and directing the parties to proceed to arbitration in accordance with the terms of the FINRA Code of Arbitration Procedure (the FINRA code).

On May 27, 2010, Jain filed a statement of claim with FINRA. Jain asserted claims for breach of contracts, promissory and equitable estoppel, and tortious interference with contracts and prospective advantage. He alleged Cambridge breached the program agreements, refused to pay buyout fees, commissions, and management fees due, breached the solicitor agreement by terminating him without prior written notice, and misappropriated his customers and clients. Cambridge filed a statement of answer and counterclaim, denying the allegations made in Jain's statement of claim and asserting various affirmative defenses. In its statement of answer, Cambridge admitted the parties entered into the option program agreement and two addendums. Cambridge further admitted the parties entered into the solicitor agreement. In its counterclaim, Cambridge alleged that Jain's negligence with respect to certain orders caused damage to Cambridge.

In February 2012, a panel of three FINRA arbitrators conducted a hearing during which both parties presented witnesses and documentary evidence. On March 5, 2012, the panel entered its award in favor of Jain, awarding him $41,600.00 in compensatory damages, and $42,000.00 in attorney's fees. Cambridge filed a motion with the trial court to vacate the arbitration award, and Jain filed a motion to confirm arbitration award. The trial court conducted a hearing on both motions and on April 24, 2012, denied the motion to vacate, granted the motion to confirm, and signed a final judgment in favor of Jain and against Cambridge. Cambridge filed a motion for new trial that was overruled by operation of law. Cambridge then filed this appeal.

## II. APPLICABLE LAW

### A. *Standard Of Review*

Arbitration of disputes is strongly favored under both federal and Texas law. *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995) (per curiam). We review a trial court's decision to vacate or confirm an arbitration award de novo, based on the entire record. *See Skidmore Energy, Inc. v. Maxus (U.S.) Exploration Co.*, 345 S.W.3d 672, 677 (Tex. App.—Dallas 2011, pet. denied); *Centex/Vestal v. Friendship West Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied); *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.—Dallas 2009, no pet.). However, all reasonable presumptions are indulged to uphold the arbitrator's decision, and none are indulged against it. *Ancor Holdings*, 294 S.W.3d at 826; *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.). An arbitration award has the same effect as a judgment of a court of last resort. *Skidmore Energy*, 345 S.W.3d at 677; *Ancor Holdings*, 294 S.W.3d at 826. It is presumed valid and entitled to great deference. *Myer v. Americo Life, Inc.*, 232 S.W.3d 401, 407–08 (Tex. App.—Dallas 2007, no pet.); *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85 (Tex. App.—Houston [1st Dist.] 2010, no pet.). When reviewing an arbitration award, we may not substitute our judgment for that of the arbitrators merely because we would have reached a different decision. *Royce Homes*, 315 S.W.3d at 85. Judicial review of an arbitration award adds expense and delay and thereby diminishes the benefits of arbitration as an efficient, economical system for resolving disputes. *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). Importantly, our review is so limited that we may not vacate an award even if it is based upon a mistake in law or fact. *Centex/Vestal*, 314 S.W.3d at 683; *Royce Homes*, 315 S.W.3d at 86.

## B. *Statutory Grounds For Vacating or Confirming Arbitration Award*

In their respective motions filed with the trial court, the parties agreed that the trial court had jurisdiction to vacate or confirm the arbitration award pursuant to the Federal Arbitration Act (FAA) and the Texas Arbitration Act (TAA). We note that the FAA and the TAA are not mutually exclusive. *See In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 779 (Tex. 2006) (orig. proceeding) (FAA only preempts contrary state law); *see also Senter Invs., L.L.C. v. Veerjee*, 358 S.W.3d 841, 845 n.5 (Tex. App.—Dallas 2012, no pet.). Even where the FAA applies to substantive issues, we apply Texas law to procedural issues in arbitration proceedings. *See NAFTA Traders, Inc. v. Quinn*, 339 S.W.3d 84, 99–100 (Tex. 2011); *see also Alim v. KBR (Kellogg, Brown & Root)–Halliburton*, 331 S.W.3d 178, 181 (Tex. App.—Dallas 2011, no pet.). Here, we need not determine whether confirmation of an award is procedural or substantive or which act applies because our conclusion would be the same under either act. *See Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 260 n.3 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Under the terms of the FAA, an arbitration award must be confirmed unless it is vacated, modified, or corrected under one of the limited grounds set forth in sections 10 and 11 of the FAA. *See* 9 U.S.C. §§ 9–11 (West 2009). Under section 10 of the FAA, a court may vacate an arbitration award upon the application of any party to the arbitration where the arbitrators exceeded their powers. 9 U.S.C. § 10(a)(3). Likewise, under the TAA, the trial court shall confirm an arbitration award on application of a party unless grounds are offered for vacating, modifying, or correcting the award under section 171.088 or 171.091 of the TAA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (West 2011). Section 171.088 of the TAA provides that a court may vacate an arbitration award upon application of a party if the arbitrators exceeded their powers. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A). The grounds allowing a trial

court to vacate an arbitration award are limited to those expressly identified in the statute. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008) (The statutory grounds provided in sections 10 and 11 of the FAA for vacating, modifying, or correcting an arbitration award are exclusive and cannot be supplemented by contract.); *Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002) (per curiam) ("The statutory grounds allowing a court to vacate, modify, or correct an award are limited to those the [TAA] expressly identifies.").

## III. DISCUSSION

In its sole issue on appeal, Cambridge argues that because the arbitrators exceeded their powers, the trial court erred in confirming the arbitration award and entering final judgment in favor of Jain. In response, Jain raises a cross-point that Cambridge waived judicial review of the arbitration award.

### A. *Waiver of Judicial Review*

We first consider Jain's contention that Cambridge waived any right to judicial review of the arbitration award. Citing *NAFTA Traders, Inc. v. Quinn*, 339 S.W.3d 84, 97 (Tex. 2011), Jain asserts the FAA and TAA allow parties to contractually limit the authority of an arbitrator or expand judicial review of an arbitration award. Jain then argues that in the case before this Court, the parties' agreement to arbitrate in accordance with the FINRA bylaws, rules, and code of arbitration procedure was a contractual agreement to waive judicial review of the arbitration award. Jain bases his argument on FINRA rule 13904(b) which provides: "[u]nless the applicable law directs otherwise, all awards rendered under the Code are final, and are not subject to review or appeal." We do not agree with Jain's reasoning. First, our review of the record reveals that the FINRA arbitration submission agreement signed by both parties is silent with respect to judicial review of an arbitration award. The agreement expressly provides that

the parties agree that a judgment may be entered upon such an award, and the parties consent to the jurisdiction of any court that could properly enter such a judgment.

Second, we note that the FINRA rule does not state that FINRA arbitration awards are not subject to judicial review or judicial appeal of any kind. Instead, the FINRA rule states that all awards rendered under the FINRA code are final unless applicable law directs otherwise. The FAA and the TAA clearly state that arbitration awards may be vacated, modified, or corrected on certain limited statutory grounds. *See* 9 U.S.C. §§ 9–11; TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.087–.091. As further evidence that an agreement to arbitrate before FINRA is not an agreement to waive judicial review, we note that FINRA rule 13904(j) directs all monetary awards to be paid within 30 days of receipt "unless a motion to vacate has been filed with a court of competent jurisdiction." Therefore, on its face, the FINRA rule does not constitute a waiver of judicial review. We conclude that Cambridge did not waive judicial review of the arbitration award.

## B. Confirmation Of An Arbitration Award

As the party seeking to vacate the arbitration award, Cambridge bears the ultimate burden of proving the grounds for vacatur. *In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 401 (Tex. App.—Dallas 2009, pet. denied); *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 804 (Tex. App.—Dallas 2008, pet. denied). Cambridge complains that the arbitrators exceeded their powers by (1) deciding matters outside the scope of the arbitration agreement, and (2) ignoring well-settled controlling law. First, Cambridge argues the arbitrators decided matters outside the scope of the arbitration agreement between Cambridge and Jain by effectively adjudicating Jain's claims against Cambridge Legacy Advisors, Inc. (CLA) and Cambridge Legacy Securities, LLC (CLS), two subsidiary companies that were wholly owned by Cambridge but were not parties to the arbitration. During the arbitration hearing, Cambridge moved to dismiss Jain's

claims for unpaid commissions and unpaid referral fees. Cambridge explained that Jain had been receiving commissions because he was a registered representative of CLS, a broker-dealer. Therefore, if Jain had a claim for unpaid commissions, it should have been asserted against CLS and not Cambridge. Likewise, Jain had been receiving referral fees under the terms of his solicitor agreement with CLA. Cambridge argued that if Jain had a claim for unpaid referral fees, it should have been asserted against CLA and not Cambridge. After argument from both parties, the arbitration panel denied Cambridge's motion to dismiss and stated they would continue on with the arbitration hearing as if all three companies were in the same group under the same claim.

Arbitrators exceed their power when they decide matters not properly before them. *See NAFTA Traders*, 339 S.W.3d at 90; *see also Townes Telecomms., Inc. v. Travis, Wolff & Co., L.L.P.*, 291 S.W.3d 490, 493 (Tex. App.—Dallas 2009, pet. denied). The arbitrators' authority to decide matters is derived from the arbitration agreement. *NAFTA Traders*, 339 S.W.3d at 90; *Ancor Holdings*, 294 S.W.3d at 829. "When determining whether an arbitration panel has exceeded its powers, any doubts concerning the scope of what is arbitrable should be resolved in favor of arbitration." *Skidmore Energy*, 345 S.W.3d at 687. If the panel is even arguably construing or applying the agreement, the fact that a court may be convinced the panel has committed a serious error does not suffice to overturn the decision. *Townes Telecomms.*, 291 S.W.3d at 493–94. It is only when the panel departs from the agreement and, in effect, dispenses its own idea of justice that the award may be unenforceable. *Id.*; *see also Centex/Vestal*, 314 S.W.3d at 684.

In this case, the parties agreed to submit "the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims, and/or third-party claims which may be asserted" to arbitration in accordance with the FINRA by-laws,

rules and code of arbitration procedure. This phrase is broad and may encompass a wide range of issues. *See Centex/Vestal*, 314 S.W.3d at 685 (contract provision that "any claim arising out of or related to the Contract is subject to arbitration" was broad and encompassed a wide range of disputes). In his statement of claim, Jain asserted claims for breach of contracts, promissory and equitable estoppel, and tortious interference with contracts and prospective advantage. He alleged Cambridge breached the program agreements, refused to pay buyout fees, commissions, and management fees due, breached the solicitor agreement by terminating him without prior written notice, and misappropriated his customers and clients. He sought damages including buyout fees, accrued commissions, advisory fees, referral fees, lost profits, attorneys' fees, and exemplary damages. In its statement of answer and counterclaim, Cambridge denied Jain's allegations, asserted various affirmative defenses, and counterclaimed for damage allegedly caused by Jain's negligence. When an arbitration clause employs broad language such as the language in the arbitration agreement before this Court, "it is construed as evidencing the parties' intent to be inclusive rather than exclusive." *Id.*; *see also Skidmore Energy*, 345 S.W.3d at 687. Given the breadth of the arbitration agreement, we conclude that the arbitration panel was authorized to determine whether Jain was entitled to recover commissions and referral fees from Cambridge. *See Centex/Vestal*, 314 S.W.3d at 685.

The arbitration panel made a general award in favor of Jain, awarding him $41,600 in compensatory damages and $42,000 in attorneys' fees. The award states:

> After considering the pleadings, the testimony, and the evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1.) Respondent, Cambridge Legacy Group, Inc. is liable for and shall pay to Claimant, Ravi Jain, the sum of $41,600.00 in compensatory damages;
>
> 2.) Respondent, Cambridge Legacy Group, Inc. is liable for and shall pay to Claimant, Ravi Jain, interest on the above-stated sum at the rate of 6% per

annum from and including December 1, 2006 through and including February 29, 2012;

3.) Respondent, Cambridge Legacy Group, Inc. is liable for and shall pay to Claimant, Ravi Jain, the sum of $42,000.00 in attorneys' fees pursuant to Section 38 of the Texas Business and Commerce Code;

4.) Other than Forum Fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter; and

5.) Any relief not specifically enumerated, including punitive damages, is hereby denied with prejudice.

The parties present this Court with opposing theories as to the basis for the panel's award of compensatory damages. However, there is nothing in the award to reveal the liability theory relied upon or the methodology for calculating the amount of the award. To suggest otherwise is mere speculation. We must indulge all reasonable presumptions in favor of upholding the arbitration award. *Ancor Holdings*, 294 S.W.3d at 826; *Statewide Remodeling*, 244 S.W.3d at 568. The award contains no language to indicate that the panel awarded damages for unpaid commissions that Jain was allegedly owed by CLS. Likewise, there is no language to indicate that the panel awarded damages for unpaid referral fees allegedly owed under the solicitor agreement with CLA. Therefore, there is no indication that the arbitrators exceeded their powers by relying upon impermissible matters outside the scope of the arbitration agreement. *Skidmore Energy*, 345 S.W.3d at 687; *Centex/Vestal*, 314 S.W.3d at 684.

Second, Cambridge argues the arbitrators ignored well-settled law by holding Cambridge liable for the conduct, debts, and obligations of CLS and CLA, even though Jain did not plead or prove agency, alter ego, or fraud sufficient to pierce the corporate veil and give rise to liability on Cambridge's part for the acts and omissions of its subsidiaries. Although Cambridge's argument is couched in terms of whether the arbitrators exceeded their authority, Cambridge's argument is really a complaint that the arbitrators committed an error of law. But a complaint that the arbitrators decided an issue incorrectly or made a mistake of law is not a complaint that

–10–

the arbitrators exceeded their powers. *Centex/Vestal*, 314 S.W.3d at 686; *see Pheng Invs., Inc. v. Rodriguez*, 196 S.W.3d 322, 329 (Tex. App.—Fort Worth 2006, no pet.). A reviewing court is not at liberty to substitute its judgment for that of the arbitrators' merely because it would have reached a different decision. *Statewide Remodeling*, 244 S.W.3d at 568. Further, our review is so limited that we may not vacate an award even if it is based upon a mistake in law. *Centex/Vestal*, 314 S.W.3d at 683; *Royce Homes*, 315 S.W.3d at 86.

We conclude the arbitrators decided matters that were properly before them and did not exceed their powers. We overrule Cambridge's argument to the contrary.

## IV. CONCLUSION

We overrule Cambridge's sole issue on appeal. We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

120991F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CAMBRIDGE LEGACY GROUP, INC., Appellant

No. 05-12-00991-CV     V.

RAVI JAIN, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-06-11807-I.
Opinion delivered by Justice Lewis.
Justice FitzGerald participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee RAVI JAIN recover his costs of this appeal from appellant CAMBRIDGE LEGACY GROUP, INC.

Judgment entered this 22nd day of July, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE