**Affirmed in part and modify in part; Opinion Filed July 3, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00451-CV

**JUAN ACRA, SECNER USA, LLC, SECNER HR S.A. DE C.V. AND NORTH AMERICAN SECNER HOLDINGS, LLC, Appellants**

**V.**

**GIOVANNI BONAUDO AND MARIA JILMA MALDONADO, Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-01909**

## MEMORANDUM OPINION

Before Justices Myers, Boatright, and O'Neill[1]
Opinion by Justice Myers

Juan Acra, Secner USA, LLC, Secner HR S.A. De C.V., and North American Secner Holdings, LLC appeal the trial court's judgment confirming the arbitration award in favor of Giovanni Bonaudo and Maria Jilma Maldonado. Appellants bring six issues on appeal contending: (1) the trial court's order confirming the arbitration award is subject to the same standard of review as a judgment from a bench trial; (2) the arbitrator exceeded his powers by awarding breach-of-contract damages to Bonaudo for his unpaid salary because the evidence did not support the award; (3) the arbitrator exceeded his powers by awarding damages to Bonaudo on his fraud claim concerning a Mexican judgment; (4) the arbitrator exceeded his powers by awarding damages

---

[1] The Honorable Michael J. O'Neill, Justice, Assigned.

against North American Secner Holdings, LLC because no evidence supported the award; (5) the trial court erred by awarding appellees attorney's fees for the post-arbitration proceedings; and (6) the arbitrator exceeded his powers by applying adverse inferences against appellants for failing to produce financial statements and ledgers. We conclude the arbitration proceedings in this case are subject to the usual limited review applied to arbitration proceedings. We also conclude appellants have not shown the arbitrator exceeded his powers. Finally, we conclude the trial court erred by awarding appellees attorney's fees for obtaining confirmation of the arbitration award and for opposing appellants' motion to vacate the arbitration award. Accordingly, we modify the trial court's judgment to delete the award of post-arbitration attorney's fees, and we otherwise affirm the trial court's judgment.

## BACKGROUND

This case concerns the business relationship of Juan Acra and Maria Jilma Maldonado with Giovanni Bonaudo. Their companies were selling products for the Mexican petroleum industry. The relationship did not last, and in 2012, appellees sued appellants for breach of contract, fiduciary duty, the duty of loyalty, and the duty of care. They also sued appellants for tortious interference with contract, unjust enrichment, and conspiracy. Appellees sought actual and exemplary damages, attorney's fees, declaratory judgment, an accounting, imposition of a constructive trust, and a permanent injunction.

The suit alleged appellants concealed assets from appellees, and appellants failed to pay Bonaudo the salary the parties agreed to while Acra was reimbursed for expenses in the amount of the agreed salary. The suit also alleged that appellants required Bonaudo to guaranty the liabilities of the business entities, which were over $100,000. Appellants demanded that the case be arbitrated pursuant to an arbitration provision between business entities in which Acra and Bonaudo had interests. The trial court abated the case for the parties to arbitrate the dispute.

During the arbitration proceeding, Bonaudo asserted his claim for fraud included the facts concerning a promissory note. Appellant Secner HR signed a promissory note for $100,000 payable to a Mexican company, and Bonaudo signed as a "joint and several guarantor." Secner HR did not pay the note, and the note was transferred to Hector Moreno, a former attorney for Secner HR. Moreno obtained a judgment in Mexico against Bonaudo and Secner HR for the note and pursued collection of the note against Bonaudo but not Secner HR. Bonaudo asserted that Secner HR had sufficient funds to pay the note and that Secner HR defrauded him by not paying the note.

At the conclusion of the arbitration proceeding, the arbitrator rendered its award. The award ordered appellants to pay Bonaudo $240,000 for his salary from February 2010 to March 2012. The award also required appellants to pay Bonaudo $132,394.72, the amount of the Mexican judgment, unless appellants obtained a release of Bonaudo from the judgment. The trial court confirmed the arbitration award and also awarded appellees their attorney's fees incurred for confirming the arbitration award and defending against appellants' motion to vacate the award.

## STANDARD OF REVIEW

Arbitration of disputes is strongly favored under both federal and Texas law. *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995) (per curiam) (orig. proceeding); *Cambridge Legacy Grp., Inc. v. Jain*, 407 S.W.3d 443, 447 (Tex. App.—Dallas 2013, pet. denied). We review a trial court's decision to vacate or confirm an arbitration award de novo based on the entire record. *Cambridge*, 407 S.W.3d at 447. We indulge all reasonable presumptions to uphold the arbitration award, and no presumptions are indulged against it. *Id.* An arbitration award has the same effect as a judgment of a court of last resort, and it is presumed valid and entitled to great deference. *Id.* Review of an arbitration award is so limited that even a mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award.

–3–

*Id.* at 448. A party seeking to vacate or modify an arbitration award bears the burden of proving the necessary grounds. *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 804 (Tex. App.—Dallas 2008, pet. denied).

Under both the Federal Arbitration Act (FAA) and the Texas Arbitration Act (TAA), there are no common-law grounds for vacating an arbitration award. Instead, under both acts, vacatur is limited to the grounds expressly provided by statute. *See* 9 U.S.C. § 10(a); TEX. CIV. PRAC. & REM. CODE ANN. § 171.088 (West 2011); *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008) ("We now hold that §§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification."); *Hoskins v. Hoskins*, 497 S.W.3d 490, 491, 494 (Tex. 2016) (statutory grounds for vacatur of arbitration award are exclusive; common-law ground of manifest disregard of law is not a ground for vacatur under the Texas Arbitration Act). *But see Jefferson Cty. v. Jefferson Cty. Constables Ass'n*, 546 S.W.3d 661, 665 (Tex. 2018) ("As relevant here, the common law allows vacatur of an arbitration award if . . . the award 'clearly violates carefully articulated, fundamental [public] policy.'" (quoting *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 239 (Tex. 2002)). Both acts provide for vacating an arbitration award if the arbitrators "exceeded their powers." 9 U.S.C. § 10(a)(4) ("In any of the following cases the United States court . . . may make an order vacating the award . . . where the arbitrators exceeded their powers . . . ."); CIV. PRAC. § 171.088(a)(3)(A) ("On application of a party, the court shall vacate an award if . . . the arbitrators . . . exceeded their powers . . . ."). Unless the arbitration award is vacated, modified, or corrected on a ground provided in the arbitration acts, the trial court, on application of a party, must enter an order confirming the award. *See* 9 U.S.C. § 9; CIV. PRAC. § 171.087.

## JUDICIAL REVIEW

In their first issue, appellants assert that we may review the confirmed arbitrator's award as if it were issued following a bench trial. Arbitrators ordinarily have the power to interpret the facts and the law and to apply them with little judicial review. However, the parties, in an agreement under the Texas Arbitration Act, may expressly agree to limit that power and to provide for expanded judicial review of the arbitrator's decision. Any agreement to limit the arbitrator's power or to expand judicial review of the arbitrator's award must clearly do so. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101 (Tex. 2011) ("But absent clear agreement, the default under the TAA, and the only course permitted by the FAA, is restricted review.").

In *Nafta Traders*, the parties' arbitration provision clearly limited the arbitrator's powers and expanded judicial review by stating, "The arbitrator does not have authority (i) to render a decision which contains a reversible error of state or federal law . . . ." *Id.* at 88. The supreme court concluded this provision provided an express, clear limitation on the powers of the arbitrator "to that of a judge, whose decisions are reviewable on appeal." *Hoskins*, 497 S.W.3d at 494 (quoting *Nafta Traders*, 339 S.W.3d at 93).

Appellants argue the arbitration provision in this case contains a provision similar to that in *Nafta Traders* barring the arbitrator from rendering a decision containing a reversible error of law. The arbitration agreement in this case was part of the parties' "Services Agreement," which provided that if the parties were unable to resolve disputes on their own,

> then the disputes or differences shall be finally settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the "AAA Rules"), by a single arbitrator and the arbitration shall take place in the City of Houston, State of Texas. The arbitrator shall not have the authority to add to, detract from, or modify any provision hereof nor to award punitive damages to any injured party. A decision by the arbitrator shall be final and binding, and judgment may be entered on the arbitrator's award in any court having jurisdiction. The direct expense of any arbitration proceeding shall be borne as the arbitrator may determine. The arbitrator shall have the authority to order or award any provisional remedy or other remedy or relief which may be available

from a court of law with respect to such unresolved dispute or controversy, including but not limited to interim orders or awards, *but the arbitrator shall have no power or authority to order or grant any remedy or relief which a court could not order or grant under applicable law.*

(Emphasis added.)

Appellants argue that the phrase, "the arbitrator shall have no power or authority to order or grant any remedy or relief which a court could not order or grant under applicable law," meant "the arbitrator's power and authority here are equal to the power and authority of a trial court, and a trial court does not have the authority to grant relief supported by legally or factually insufficient evidence, or based on erroneous conclusions of law." Thus, according to appellants, this case is analogous to *Nafta Traders*. We disagree for two reasons. First, the provision relied on by appellants does not apply to the final arbitration award, and second, the provision does not clearly provide that the arbitrator does not have the power to render a decision containing a reversible error of law.

We first consider whether the phrase in the arbitration provision on which appellants rely applies to the final arbitration award. Appellants argument takes the phrase out of the context of the rest of the sentence in which it is found. That sentence reads:

> The arbitrator shall have the authority to order or award any provisional remedy or other remedy or relief which may be available from a court of law with respect to such unresolved dispute or controversy, including but not limited to interim orders or awards, but the arbitrator shall have no power or authority to order or grant any remedy or relief which a court could not order or grant under applicable law.

This provision concerns the type of temporary relief the arbitrator could order before resolution of the dispute or controversy, that is, provisional or interim relief or other relief "with respect to such *unresolved* dispute or controversy." (Emphasis added.) The entire sentence, in context, does not clearly limit the types of relief the arbitrator could award after it decides the case. Appellants' complaints concern the relief awarded in its decision resolving the issues in the case. None of

appellants' complaints concern relief awarded when the dispute was unresolved. Therefore, this sentence does not apply to the final arbitration award or to appellants' arguments against the award.

However, even if the phrase extended to the arbitrator's award resolving the dispute, the phrase does not clearly show the "parties have agreed to limit an arbitrator's power to that of a judge, whose decisions are reviewable on appeal." *Nafta Traders*, 339 S.W.3d at 93. In *Holmes Builders at Castle Hills, Ltd. v. Gordon*, No. 05-16-00887-CV, 2018 WL 1081635 (Tex. App.—Dallas Feb. 28, 2018, no pet.) (mem. op.), we stated, "To determine whether a provision in an arbitration agreement restricts the arbitrator's power, we read the arbitration agreement without the provision. If the omission of the provision leaves the arbitrator with more power than he would have with the provision included, then the provision restricts the arbitrator's power." *Id.* at *3. In this case, if the arbitration provision did not state that the arbitrator "shall have no power or authority to order or grant any remedy or relief which a court could not order or grant under applicable law," then the arbitrator would have had the power to grant a remedy or relief that a court could not grant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.090 (West 2011) ("The fact that the relief granted by the arbitrators could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award."). Therefore, the arbitration provision in this case does limit the arbitrator's power. However, we disagree with appellants that the provision means that the arbitrator could not render a decision containing a reversible error under the law. Instead, the arbitration provision limited the types of relief the arbitrator could award to those that a trial court could order. Thus, all the provision does is make section 171.090 inapplicable. Unlike the provision in *Nafta Traders*, the arbitration provision does not clearly limit the power of the arbitrator "to that of a judge, whose decisions are reviewable on appeal." *Hoskins*, 497 S.W.3d at 494 (quoting *Nafta Traders*, 339 S.W.3d at 93); *see Prell v. Bowman*, No. 05-17-00369-CV, 2018 WL 2473850, at *3–4 (Tex. App.—Dallas June 4, 2018, no pet. h.) (mem. op.)

(listing arbitration provisions where parties had asserted unsuccessfully that arbitrators lacked power to make a decision containing a reversible error under state or federal law). Unlike the arbitration provision in *Nafta Traders*, the arbitration provision in this case does not clearly state that the arbitrator had no power to render a decision containing a reversible error of law. Therefore, we conclude the provision does not limit the arbitrator's power to render a decision based on insufficient evidence or erroneous conclusions of law. Nor does the arbitration provision clearly expand the judicial review permitted for the arbitration award. "[A]bsent clear agreement, the default under the TAA, and the only course permitted by the FAA, is restricted review." *Nafta Traders*, 339 S.W.3d at 101.

We conclude the arbitration agreement in this case does not permit us to review the confirmed arbitration award as if it were issued following a bench trial. We overrule appellants' first issue.

## EXCEEDING POWERS

In their second, third, fourth, and sixth issues, appellants contend the arbitrator exceeded his powers. "In determining whether an arbitrator has exceeded his authority, the proper inquiry is not whether the arbitrator decided an issue correctly, but rather, whether he had the authority to decide the issue at all." *Forest Oil Corp. v. El Rucio Land & Cattle Co.*, 518 S.W.3d 422, 431 (Tex. 2017). Thus, "a complaint that the arbitrator decided the issue incorrectly or made a mistake of law is not a complaint that the arbitrator exceeded his powers." *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 686 (Tex. App.—Dallas 2010, pet. denied). In other words, "a mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award." *Id*. at 683. "Arbitration awards are entitled to great deference by the courts 'lest disappointed litigants seek to overturn every unfavorable arbitration award in court.'" *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 429 (Tex. App.—Dallas 2004, pet. denied) (quoting

–8–

*Daniewicz v. Thermo Instrument Sys., Inc.*, 992 S.W.2d 713, 716 (Tex. App.—Austin 1999, pet. denied)).

In their second issue, appellants contend the arbitrator exceeded his powers by awarding Bonaudo $271,094 for the salary the arbitrator determined Bonaudo should have been paid. Appellants argue the award was based on an unenforceable oral agreement and was contrary to two written agreements. They also argue that Bonaudo "failed to prove any lost earnings net of tax." *See* Civ. Prac. § 18.091(a) (West 2015) ("Notwithstanding any other law, if any claimant seeks recovery for loss of earnings, . . . evidence to prove the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.").

In their third issue, appellants contend the arbitrator exceeded his powers by awarding Bonaudo $132,394.72 in damages to compensate Bonaudo for the Mexican judgment on the promissory note. Appellants argue the arbitrator exceeded his powers because the award "amounts to a new cause of action, is not justiciable and is unsupported by legally and factually sufficient evidence." Appellants argue they cannot be liable for fraud because a third party enforced the guaranty Bonaudo executed that was the basis for the Mexican judgment. Appellants argument is that the facts and the substantive law required the arbitrator to rule differently.

In their fourth issue, appellants argue the arbitrator exceeded his powers because the award against North American Secner Holdings is unsupported by the evidence.

In their sixth issue, appellants contend the arbitrator "exceeded his power by applying adverse inferences against Acra and Secner HR for failing to produce financial statements and ledgers. Appellants argue that Acra did not have any financial statements or ledgers and that Mexican law prohibited Secner HR from producing them.

These are arguments that the arbitrator failed to decide the case correctly or to apply the law properly. Appellants do not argue that the arbitrator lacked authority to decide these issues. Therefore, none of these arguments establish that the arbitrator exceeded his powers.

Appellants' third issue includes an argument that the arbitrator lacked authority to determine appellees' fraud claim concerning the Mexican judgment because that claim was not properly before the arbitrator. Appellants assert that appellees' fraud claim, as pleaded in the trial court, did not include a claim concerning the Mexican judgment. Appellees assert it was pleaded in the third amended petition. The fraud claim was not tried in the trial court—it was tried in the arbitration proceeding. Appellants have not cited authority for the proposition that an arbitrator cannot resolve a dispute that is not included in the parties' pleadings in the trial court. Appellants assert that the rules of the arbitration body, the AAA's Commercial Arbitration Rules, do not permit a party to raise a new or different claim unless the claim is made in writing and filed with the AAA and a copy provided to the other party. This argument lacks merit for three reasons. First, the AAA Commercial Rules are not in the record; therefore, the record contains no evidence of what the AAA rules provide. *See PER Group, L.P. v. Dava Oncology, L.P.*, 294 S.W.3d 378, 386 (Tex. App.—Dallas 2009, no pet.) (because AAA rule that arbitrator was to determine scope of arbitration agreement was not in evidence, trial court was required to determine scope of agreement). Second, appellants have not cited to any AAA filings by appellees concerning their claims; therefore, appellants have not shown appellees did not timely raise the claim before the arbitrator. *See* TEX. R. APP. P. 38.1(i) (argument must contain appropriate citations to the record). And third, even if we could consider the AAA rules, numerous cases point out that Rule 7-A of the AAA's commercial arbitration rules provides that the arbitrator has the power to rule on the arbitrability of any claim or counterclaim. *See, e.g.*, *Jody James Farms, JV v. Altman Group, Inc.*, No. 17–0062, 2018 WL 2168306, at *3 (Tex. May 11, 2018). If the arbitrator had the power to

determine the arbitrability of the claims, then he had the power to determine whether the fraud claim about the Mexican judgment was arbitrable, and that determination is subject to the limited review of the arbitrator's other rulings. That determination cannot be vacated except on the statutory grounds. Therefore, appellants have not shown the arbitrator exceeded his powers by considering the fraud claim.

Appellants also argue, "And the Arbitrator had no power or authority to wade into a non-justiciable Mexican court's final judgment, which the 95th District Court, Dallas County had independently confirmed. *See* App. Tab 6." This argument provides no explanation and cites no authority for why the arbitrator lacked the power to determine whether appellants acted fraudulently concerning the Mexican judgment. Moreover, the citation to Tab 6 of the appendix to appellants' brief is not helpful. Tab 6 includes documents purportedly from the suit to domesticate the Mexican judgment. A cite to a brief's appendix is not a cite to the record as required by Rule of Appellate Procedure 38.1(i), and appellants have not provided any citation to the record for these documents. *See Willms v. Wilson*, No. 05-08-01718-CV, 2009 WL 4283109, at *1 (Tex. App.—Dallas Dec. 2, 2009, no pet.) (mem. op.) ("An appendix is not a substitute for a clerk's record nor are citations to the appendix a substitute for citations to the record.") Also, the documents in Tab 6 do not appear to be part of the appellate record. Therefore, we cannot consider them. *See Bertrand v. Bertrand*, 449 S.W.3d 856, 863 n.8 (Tex. App.—Dallas 2014, no pet.) ("We cannot consider documents cited in a brief and attached as an appendix if they are not formally included in the record on appeal."). We conclude appellants have not shown the arbitrator exceeded his powers.

We overrule appellants second, third, fourth, and sixth issues.

**POST-ARBITRATION ATTORNEY'S FEES**

In their fifth issue, appellants contend the trial court erred by awarding appellees their attorney's fees for defending against appellants' challenge to the confirmation of the arbitration award. The trial court stated in the final judgment, "The Court finds that Respondents . . . filed a Motion to Vacate the Arbitration Award without justification or merit. Accordingly, Plaintiffs are awarded their reasonable attorneys' fees of $16,027.50 . . . for responding to and obtaining the denial of the Motion to Vacate and obtaining confirmation of the Arbitration Award . . . ." The judgment also awards appellees $13,125 in additional attorney's fee if appellants unsuccessfully appeal the denial of the motion to vacate.

"If an arbitration award includes an award of attorney's fees, a trial court may not award additional attorney fees for enforcing or appealing the confirmation of the award, unless the arbitration agreement provides otherwise." *Jones v. Carlos & Parnell, M.D., P.A.*, No. 05-17-00329-CV, 2017 WL 4930896, at *7 (Tex. App.—Dallas Oct. 31, 2017, pet. denied) (mem. op.); *Crossmark*, 124 S.W.3d at 436. The arbitration award included an award to Bonaudo of $100,650 "for reasonable and necessary attorneys' fees and expenses." The parties' agreements did not provide for attorney's fees for enforcing the confirmation of the arbitration award. Therefore, this Court's prior opinions in *Jones* and *Crossmark* prohibit an award of post-arbitration attorney's fees.

Appellees argue that the trial court may award attorney's fees when a party's challenge to an arbitration award is "without merit," and the party's refusal to abide by the award is "without justification." In support of their argument, appellees cite *Stage Stores, Inc. v. Gunnerson*, 477 S.W.3d 848 (Tex. App.—Houston [1st Dist.] 2015, no pet.), in which the court stated, "When a party's challenge to an arbitration award is 'without merit' and its refusal to abide by the award is 'without justification,' a trial court can award attorneys' fees to the party seeking to confirm the

arbitration award." *Id.* at 863–64. The court of appeals' authority for this statement was a case from the Fifth Circuit Court of Appeals, *Executone Information Systems, Inc. v. Davis*, 26 F.3d 1314, 1331 (5th Cir. 1994), which relied on an earlier opinion from the Fifth Circuit, *International Ass'n of Machinists & Aerospace Workers, District 776 v. Texas Steel Co.*, 639 F.2d 279, 283–84 (5th Cir. Unit A Mar. 1981). Appellees also argue that an award of attorney's fees for defending against a meritless motion to vacate an arbitration award is supported by the public policy favoring expedient, efficient, and cost-effective arbitration.

Regardless of how the federal courts may award attorney's fees or the strength of the public-policy arguments, Texas law does not allow recovery of attorney's fees unless authorized by statute or contract. *Wells Fargo Bank, N.A.*, 458 S.W.3d 912, 915 (Tex. 2015); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). None of the agreements between the parties or their affiliates provide for an award of attorney's fees for proceedings to confirm an arbitration award or for opposing a motion to vacate an arbitration award. Nor does any applicable statute provide for attorney's fees in this situation.[2] Section 171.092 permits the trial court, in an order that confirms, modifies, or corrects an arbitration award, to award "costs of the application and of the proceedings subsequent to the application." CIV. PRAC. § 171.092(b). But that statute does not authorize the trial court to award attorney's fees.

We conclude the trial court erred by awarding appellees attorney's fees beyond those awarded by the arbitrator. We sustain appellant's fifth issue.

---

[2] The trial court's award of attorney's fees was not based on Rule of Civil Procedure 13. *See* TEX. R. CIV. P. 13 (permitting imposition of sanctions for pleading, motion, or other paper filed in violation of requirement that documents are not groundless and brought in bad faith or for purposes of harassment). Appellants point out that an award of attorney's fees under Rule 13 would have been improper in this case because there was no evidentiary hearing to support the imposition of a sanction under Rule 13. *See Bedding Component Manufactors, Ltd. v. Royal Sleep Prods., Inc.*, 108 S.W.3d 563, 564 (Tex. App.—Dallas 2003, no pet.) ("Without a hearing on a motion for sanctions, the trial court has no evidence before it to determine that a pleading is sanctionable."). We make no decision in this case of what circumstances would support the imposition of sanctions under Rule 13 for a motion opposing confirmation of an arbitration award.

**CONCLUSION**

We modify the judgment to delete the award to appellees of $16,027.50 for attorney's fees "for responding to and obtaining the denial of the Motion to Vacate and obtaining confirmation of the Arbitration Award" and the award of $13,125 for attorney's fees "[i]n the event of an unsuccessful appeal of the denial of the Motion to Vacate to the Court of Appeals." In all other respects, we affirm the trial court's judgment.


/Lana Myers/
LANA MYERS
JUSTICE

170451F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUAN ACRA, SECNER USA, LLC,
SECNER HR S.A. DE C.V. AND NORTH
AMERICAN SECNER HOLDINGS, LLC,
Appellants

No. 05-17-00451-CV        V.

GIOVANNI BONAUDO AND MARIA
JILMA MALDONADO, Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-01909.
Opinion delivered by Justice Myers.
Justices Boatright and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

The provision in the Amended Order Confirming Arbitration Award and Final Judgment,

> It is further ORDERED, ADJUDGED AND DECREED that: The Court finds
> that Respondents Juan Acra, a/k/a Juan Carlos Acra-Lopez, and Secner USA,
> LLC filed a Motion to Vacate the Arbitration Award without justification or
> merit. Accordingly, Plaintiffs are awarded their reasonable and necessary
> attorneys' fees of $16,027.50 (representing $12,527.50 in fees incurred to Dykema
> Cox Smith and $3,500 in fees incurred to the Law Offices of Christopher L.
> Davis) for responding to and obtaining the denial of the Motion to Vacate and
> obtaining confirmation of the Arbitration Award, with Respondents Juan Acra,
> a/k/a Juan Carlos Acra-Lopez, and Secner USA, LLC jointly and severally liable
> for that amount.
>
> In the event of an unsuccessful appeal of the denial of the Motion to Vacate to the
> Court of Appeals, Plaintiffs are entitled to an additional $13,125 in fees, with
> Respondents Juan Acra, a/k/a Juan Carlos Acra-Lopez, and Secner USA, LLC
> jointly and severally liable for that amount.

is **DELETED**.

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 3rd day of July, 2018.