**AFFIRMED and Opinion Filed April 26, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00720-CV

## IN THE ESTATE OF CONSTANCE LOU HOWELLS, DECEASED

**On Appeal from the Collin County Probate**
**Collin County, Texas**
**Trial Court Cause No. PB1-0258-2020**

## MEMORANDUM OPINION
Before Justices Carlyle, Smith, and Garcia
Opinion by Justice Smith

The underlying cause of action began as an application for determination of heirship and issuance of letters of administration in which appellant Kathy Roux was appointed attorney ad litem for unknown heirs. In three issues, Roux argues the trial court abused its discretion by (1) granting a probate order after appellee Harvey Arnold Howells filed a nonsuit, (2) denying her motion for sanctions and a hearing on her motion, and (3) determining $1,600.00 was her reasonable and necessary attorney's fees. Harvey alleges this appeal is a "baseless attempted money grab by Roux," and while an eyebrow-raising statement at first blush, after reviewing the record, we do not find his description of the case unreasonable. We affirm the trial court's judgment.

# Background

Constance Lou Howells died on January 7, 2020. At that time, Harvey, Constance's husband, believed Constance died intestate. Harvey filed an application for determination of heirship, for administration, and for issuance of letters of administration on February 14, 2020. The application stated she had not been previously married and had no children during her lifetime. It identified Harvey, two half-brothers, and two half-sister as known heirs.

On February 18, 2020, the probate court appointed Roux as the attorney ad litem "to represent the interest of any Unknown Heirs whose names or locations are unknown." The court informed her that the customary compensation for an attorney ad litem was $450 or $600.

Roux discovered through her investigation that Harvey was Constance's second husband. She informed Isaac Shutt, Harvey's attorney, that he should amend his application to include this new information as required by section 202.005(5) of the estates code. *See* TEX. ESTATES CODE ANN. § 202.005(5) (application must state each of decedent's marriages). On March 13, 2020, Harvey filed his first amended application in which he included Constance's first marriage and divorce from Robert William Forsaw.

Roux filed a motion for security for costs on April 17, 2020, in which she stated further investigation was necessary, in part, to determine if Constance's first marriage was legally terminated by divorce, to verify Constance's marriage to

Harvey, and to investigate a recent allegation that Constance may have given up a child for adoption when she was a teenager. Fifteen minutes later, Harvey filed an application to probate Constance's will, which had been discovered, and for issuance of letters testamentary. The will, which Constance executed on October 27, 1993, left her property to her "beloved husband, Harvey Arnold Howells" in fee simple.

On April 20, 2020, Roux filed an amended motion for security for costs. Two hours later, Harvey filed notice of nonsuit of his first amended application because he "located and applied to probate Constance Lou Howells' will." Approximately one hour later, Roux filed her second amended motion for security for costs and her objection to Harvey's nonsuit, in which she argued Harvey's nonsuit did not foreclose the probate court from hearing her motion for security for costs and attorney's fees.

Roux filed a third amended motion for security for costs on April 22, 2020, and for the first time requested sanctions on behalf of unknown heirs because Harvey, Shutt, and Shutt's law firm failed to comply with sections 202.005 and 202.007 of the estates code and civil procedure rule 21a for service of the application. Roux alleged Harvey's improper application caused her "to incur a great deal of attorney's fees."

The probate court held a hearing on April 23. Roux said she had spent approximately thirty hours on the case, which the trial court questioned given her limited appointment "to represent the interests of any unknown heirs whose names

–3–

or locations were unknown." After reviewing her records, she clarified that she spent about five hours investigating unknown heirs. She spent the rest of her time drafting responsive pleadings, filing a mandamus, traveling for hearings, and fielding numerous phone calls to secure a court reporter for the hearing. The court questioned her request for sanctions based on defects in the application because "That was not included in your appointment. . . . You were not appointed to challenge the application for determination of heirship." The trial court did not rule on her sanctions motion at that time.

A second hearing, before a different judge, was held on May 4, 2020. The court considered several outstanding motions including Roux's request for sanctions. The court again asked Roux to justify sanctions on an application to determine heirship when the original will was found. Roux responded, "because the pleadings that were filed in the determination of heirship proceeding were defective" and therefore the filing of frivolous and groundless pleadings was sanctionable. The trial court ultimately denied sanctions and awarded Rowe $1,600.00 in attorney's fees and expenses. This appeal followed.

### Order Probating Will and Authorizing Letters Testamentary

In her first issue, Roux argues the trial court abused its discretion by signing an order probating Constance's will and authorizing letters testamentary. Harvey

responds we previously dismissed the appeal of the probate order; therefore, we should not revisit Roux's argument. We agree with Harvey.

The trial court signed the probate order on March 4, 2020, but Roux did not indicate that she was appealing the probate order in the notice of appeal filed August 4, 2020. She later amended her notice of appeal to add the probate order.

We subsequently dismissed her appeal of the probate order because her amended notice of appeal was untimely and failed to invoke this Court's jurisdiction. Roux filed a petition for review to the Texas Supreme Court challenging our dismissal of the probate order for lack of jurisdiction. On November 3, 2021, the supreme court denied Roux's petition for review. *See In the Estate of Howells, Deceased*, No. 21-0394 (Tex. Nov. 3, 2021). As both this Court and the Texas Supreme Court have determined that Roux's amended notice of appeal was untimely to invoke appellate review of the probate order, we shall not revisit our prior ruling and address her arguments. We overrule Roux's first issue.

**Motion for Sanctions**

In her second issue, Roux argues the trial court abused its discretion by denying her motion for sanctions and by denying a hearing on her motion. Harvey responds the trial court held a hearing and did not abuse its discretion by denying sanctions because Roux's request was a "subterfuge" to collect exorbitant fees, and her requested sanctions bore no nexus to the complained-of conduct.

We review the trial court's denial of sanctions for an abuse of discretion. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Zeifman v. Michels*, No. 03-12-00114-CV, 2013 WL 4516082, at \*6 (Tex. App.—Austin Aug. 22, 2013, no pet.) (mem. op.). In matters committed to the trial court's discretion, we determine whether the ruling was unreasonable or arbitrary or whether the court acted without reference to any guiding rules or principles. *Zeifman*, 2013 WL 4516082, at \*6. In deciding whether the denial of sanctions constitutes an abuse of discretion, we examine the entire record and review the conflicting evidence in the light most favorable to the trial court's ruling while drawing all reasonable inferences in favor of the court's judgment. *Id*. The party seeking sanctions has the burden of showing her right to relief. *GTE Commc'n Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993).

To support her argument for sanctions, Roux first argues that Harvey's application to determine heirship was defective on its face because it did not comply with estates code sections 202.005 (listing all marriages) and 202.007(a) (application must be supported by applicant's affidavit). Courts presume that pleadings, motions and other papers are filed in good faith, and the party moving for sanctions has the burden to overcome this presumption. *Zeifman*, 2013 WL 4516082, at \*8. After reviewing the record, Roux failed to overcome this presumption. First, Harvey amended his application once Roux discovered a previous marriage. Further, it is undisputed Roux's appointment encompassed only the representation of the interests

–6–

of any unknown heirs, and she acted outside the scope of her appointment. Therefore, such allegations could not support sanctions.

Roux next argues Harvey failed to provide her with requested discovery—Constance's original death certificate, a certified copy of the divorce judgment terminating the marriage between Constance and Forshaw, and a certified copy of the marriage certificate between Constance and Harvey—and such conduct was sanctionable under rule 215. These documents also involved Roux's attempt to challenge Harvey's application and such actions were outside the scope of her appointment to represent unknown heirs.

Even if Roux acted within her role, the trial court did not abuse its discretion denying her sanctions motion. Texas Rule of Civil Procedure 215(b)(3) provides that if a party fails to comply with proper discovery requests, the court may, after notice and hearing, make such orders regarding the failure that are just. *See* TEX. R. CIV. P. 215(b)(3). For a particular sanction to be "just," there must be a direct nexus among the offensive conduct, the offender, and the sanction imposed. *See Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003). The determination of whether a direct relationship exists between the offensive conduct and the sanction imposed necessarily requires determining whether the underlying conduct constituted an abuse of the discovery process. *See Approximately $8,500.00 v. State*, No. 01-09-00316-CV, 2010 WL 4676986, at *6 (Tex. App.—Houston [1st Dist.] Nov. 18, 2010, no pet.) (mem. op.).

Roux filed her certificate of written discovery on April 17, 2020, only a few hours before Harvey filed the application to probate Constance's will. Three days later Harvey filed nonsuit because Constance did not die intestate. Roux never filed any motions to compel discovery, but instead, on April 22, 2020, she filed her third amended motion for security in which she for the first time requested sanctions. We cannot conclude the trial court acted arbitrarily or unreasonably in denying Roux's request for sanctions when she failed to show any underlying conduct constituting discovery abuse. It was reasonable for the trial court to determine discovery was never needed because Roux acted outside her appointment, and by the time she requested sanctions, Constance's will had been submitted for probate thereby eliminating the need for the documents. To the extent Roux argues the conduct was sanctionable under rules of civil procedure 191.3 and 199.5 and Texas Disciplinary Rule of Professional Conduct 3.04, she did not raise these arguments in the trial court; therefore, they are not preserved for our review. *See* TEX. R. APP. P. 33.1.

Roux next argues the trial court abused its discretion by failing to order sanctions pursuant to rule of civil procedure 21b. *See* TEX. R. CIV. P. 21b (if a party fails to serve on or deliver to the other party a copy of any pleading or motion, the court may, in its discretion, impose an appropriate sanction). The record does not reflect any sinister motive by Harvey or Shutt in failing to properly serve Roux with the amended application. To the contrary, after Roux emailed Shutt and told him she never received a copy of the amended application, an attorney working with

Shutt acknowledged "[t]hat it was completely my fault. I am more than happy to attach it to this email." Roux has not cited to any part of the record supporting her request for sanctions, and we have found none. Accordingly, the trial court did not abuse its discretion by denying rule 21b sanctions.

Finally, Roux argues that Harvey's attorney engaged in sanctionable conduct by emailing her and instructing her to stop working after the discovery of Constance's will. Roux provides no authority supporting her argument that such conduct is sanctionable. To the contrary, a prudent attorney ad litem would appreciate the open exchange of information that could prevent the waste of time and resources looking for unknown heirs when the need for such investigation is no longer at issue. Having considered Roux's arguments, we conclude the trial court acted within its discretion by denying her sanctions motion.

We likewise reject Roux's assertion that the trial court abused its discretion by allegedly not holding a hearing on her motion. Both sides presented arguments during the hearing. Towards the end, Roux told the court she wanted to question Shutt on the motion. The court stated, "The Court is going to decline your invitation to take your testimony." The court did, however, allow Roux to provide additional argument.

To the extent Roux contends the trial court "refused to hold an evidentiary hearing" to call witnesses or introduce evidence, she failed to object after the court declined her "invitation" to allow questioning. A party must object to preserve an

issue for appellate review. *See* TEX. R. APP. P. 33.1. Accordingly, Roux has not preserved this argument. Regardless, unlike the two cases Roux cites to support her position, the court in this case held a hearing and provided Roux "an opportunity to be heard in a meaningful manner." *But see Bedding Component Mfrs. v. Royal Sleep Prods.*, 108 S.W.3d 563, 564 (Tex. App.—Dallas 2003, no pet.) (record did not indicate sanctions hearing occurred, which appellee conceded was error); *Davila v. World Car Five Star*, 75 S.W.3d 537, 544 (Tex. App.—San Antonio 2002, no pet.) (trial court refused to consider any testimony not heard at trial thereby denying appellant opportunity to be heard in a meaningful way). We overrule Roux's second issue.

**Attorney's Fees**

In her third issue, Roux argues the trial court abused its discretion by determining that $1,600.00 was a reasonable and necessary award of attorney's fees when the evidence established she was entitled to $8,420.00 and the reduction was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Harvey responds it was within the trial court's discretion to award her less than her requested fees because most of her claimed fees were not incurred in her representation of the unknown heirs.

Section 53.104(b) of the estates code provides that an attorney ad litem is entitled to reasonable compensation for services provided in the amount set by the court. *See* TEX. ESTATES CODE ANN. § 53.104(b). The amount of attorney's fees

awarded to an attorney ad litem lies within the trial court's discretion. *Estate of Harris*, No. 02-18-00093-CV, 2018 WL 6215702, at \*2 (Tex. App.—Fort Worth Nov. 29, 2018, pet. denied) (mem. op.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles and is arbitrary or unreasonable. *Low*, 221 S.W.3d at 614.

In *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, the supreme court reaffirmed that the lodestar method is the starting point for determining reasonable and necessary attorney's fees. 578 S.W.3d 469, 501 (Tex. 2019). Thus, the factfinder must first determine a base lodestar figure, which is calculated by the reasonable hours worked multiplied by a reasonable hourly rate. *Id*. at 501.

Roux contends there is no evidence the trial court performed the appropriate lodestar calculation, and she presented uncontradicted evidence that the reasonable and necessary hours spent was 42.1 hours with a reasonable hourly rate of $200. After multiplying these together, Roux argues she was entitled to $8,420.00. Because Harvey presented no evidence to overcome the presumptive reasonableness of this lodestar base figure, she claims the trial court abused its discretion by arbitrarily reducing her fee award to $1600.00.

Roux ignores the fact that the trial court repeatedly questioned her as to why she should be compensated for any time she spent that was unrelated to her appointment as an attorney ad litem for unknown heirs. The trial court expressed hesitancy in finding that her hours and fees were necessary because "It does not

matter how reasonable they are if they were not necessary." During the April 23 hearing, Roux estimated she had "actually spent" five hours "doing investigation to determine if [Constance] ha[d] unknown heirs."

The lodestar calculation should reflect hours reasonably expended for services *necessary* to the litigation. *Id*. at 498. Given her appointment to investigate unknown heirs and her admission that she spent five hours doing her appointed tasks, the trial court's base lodestar for attorney's fees could have been $1000 ($200 x 5 hours) rather than the awarded $1600. The trial court stated it wanted to treat her fairly and make sure she got paid for the *value* of her services. On the record before us, Roux falls short of demonstrating that the trial court abused its discretion. We overrule Roux's third issue.

## Conclusion

We affirm the trial court's judgment.

/Craig Smith/
CRAIG SMITH
JUSTICE

200720F.P05

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE ESTATE OF CONSTANCE
LOU HOWELLS, DECEASED

No. 05-20-00720-CV

On Appeal from the Collin County
Probate, Collin County, Texas
Trial Court Cause No. PB1-0258-
2020.
Opinion delivered by Justice Smith.
Justices Carlyle and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that Harvey Arnold Howells recover his costs of this appeal from appellant Kathy Roux.


Judgment entered this 26th day of April 2022.