In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00223-CV
_____

**JOHN P. SEBASTIAN AND GWEN SEBASTIAN, Appellants**

**V.**

**WESTON LEE WILKERSON AND BLISS BUILDERS, INC., Appellees**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-01-00525-CV**

**MEMORANDUM OPINION**

The appellants, John P. Sebastian and Gwen Sebastian ("the Sebastians"), appeal the trial court's order vacating the arbitration award. In issue one, the Sebastians argue that the trial court erred by vacating the arbitrator's award against the appellees, Weston Lee Wilkerson and Bliss Builders, Inc. ("Bliss"), because Wilkerson failed to present evidence of evident partiality or any evidence to support any of the other grounds for vacatur. In issue two, the Sebastians argue that the trial court erred by vacating the arbitrator's award as to Bliss, because Bliss did not file

1

a motion to vacate or to join in Wilkerson's motion. We reverse the trial court's order.

## Background

In June 2014, the Sebastians signed a residential construction contract with Bliss, and Wilkerson, the President of Bliss, who signed on behalf of Bliss. In May 2015, after learning that the improvements Bliss had constructed on their property suffered from numerous construction defects, the Sebastians filed suit against Wilkerson and Bliss seeking, among other relief, a declaratory judgment that Wilkerson and Bliss failed to comply with sections 53.255 and 53.256 of the Texas Property Code, and damages for fraud and for violating the Texas Business and Commerce Code and the Texas Deceptive Trade Practices Act. Wilkerson and Bliss moved to compel arbitration of the Sebastians' claims, and the trial court granted the motion and ordered the case to be arbitrated. Bliss also filed a counterclaim alleging that the Sebastians breached the construction contract by failing to pay draw requests pursuant to the contract and seeking damages and a judgment declaring that Bliss has valid and subsisting liens against the property. The parties entered into a Rule 11 agreement, in which they agreed to substitute the Honorable Suzanne Stovall as the arbitrator for the matter. *See* Tex. R. Civ. P. 11.

The case was arbitrated, and in March 2018, Stovall entered an arbitration award in favor of the Sebastians. Stovall found that (1) Bliss materially breached the building contract; (2) Wilkerson participated in fraud while acting as a corporate agent for Bliss; (3) the liquidation damage clause of the contract is unconscionable; (4) Wilkerson is personally and individually liable for the damages; (5) Bliss and Wilkerson are jointly and severally liable for damages, including $135,765 in economic damages, $5250 in expert witness expenses, $50,032 in attorney's fees and expenses, and the maximum amount of prejudgment and postjudgment interest allowed by law; and (6) Bliss must immediately remove a lien in the amount of $245,672.60. The Sebastians moved to confirm the arbitration award and to enter a final judgment on the arbitrator's award.

Wilkerson, acting *pro se*, moved to vacate the arbitrator's award due to Stovall's alleged evident partiality resulting from nondisclosure. Wilkerson argued that Stovall, who is currently seated as a Senior Judge, failed to disclose that in 2016, she gave a campaign contribution to Kristin Bays of Bays and Bays Law Firm, the firm representing the Sebastians. According to Wilkerson, Stovall's award should be vacated because she failed to disclose her relationship with Randy and Kristin Bays, the Sebastians, and First Bank of Conroe. The Sebastians filed a motion in response to Wilkerson's motion to vacate, arguing that the trial court should confirm

the arbitration award because Wilkerson failed to prove a statutory ground to vacate the arbitration award as required by section 171.088 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.088 (West 2011).

The trial court conducted a hearing, during which it heard arguments concerning the Sebastians' motion to confirm the arbitration award and Wilkerson's motion to vacate the award. During the hearing, counsel for the Sebastians argued that the trial court should confirm the award in accordance with section 171.087 of the Texas Civil Practice and Remedies Code. *See id.* § 171.087 (West 2011). Wilkerson, acting *pro se*, argued that he did not receive any disclosures concerning the relationships between "all of the opposing parties and the arbitrator[,] and Wilkerson claimed that he would not have approved Stovall as the arbitrator if he had known the facts regarding the relationships Stovall had with the Sebastians and their counsel. Wilkerson stated that he did not understand why his former counsel had entered into a Rule 11 agreement to have Stovall arbitrate his case.

Wilkerson argued that Stovall's campaign contribution to Kristin indicated that they had a good relationship and showed some sort of "partiality." Kristin informed the trial court that while there were no written disclosures, Stovall orally disclosed to Wilkerson's former counsel that Stovall had conducted prior mediations with Kristin. Kristin also informed the trial court that in 2016, she received a $1000

4

campaign contribution from Stovall for her judicial campaign against Jennifer Robin, who is now the sitting judge for the 410th District Court. According to Kristin, Stovall also contributed $1000 to Robin's campaign, and Stovall did not disclose either contribution. The trial court noted that it could take judicial notice of Kristin's campaign finance report, which discloses Stovall's 2016 contribution, because it is a public report.

Wilkerson also claimed that Kristin's and Stovall's friendship status on Facebook showed that they were close acquaintances. Kristin argued that social media is an important tool to use when running for office and is not evidence of a close personal friendship. According to Wilkerson, the fact that Kristin and Stovall were both members of the Montgomery County Republican Women and the Montgomery County Bar Association showed that "there is some sort of relationship there."

Wilkerson also complained that Stovall had purchased items from the Sebastians' business, but Kristin maintained that it had been fifteen years since Stovall last made a purchase. According to Kristin, the Sebastians had never met Stovall until the arbitration. Wilkerson also informed the trial court that during the arbitration, Stovall disclosed her relationship with First Bank of Conroe and that she had prior business dealings with Dan Dominy, and Wilkerson's counsel did not

5

object. Kristin argued that Wilkerson failed to show that any of his allegations concerning Stovall's failure to disclose relationships demonstrated partiality or had a direct impact on the integrity of the arbitration process.

After taking the matter under advisement, the trial court granted Wilkerson's motion to vacate the arbitrator's award and ordered the parties to conduct a new arbitration with a different arbitrator. In its order vacating the arbitration award, the trial court noted that evident partiality is established from the nondisclosure itself and does not require evidence of actual bias. The trial court concluded that Stovall's nondisclosed campaign contribution to Kristin "was not trivial and might create an impression of possible bias, and therefore meets the evident partiality standard of Section 171.088 . . . ." The Sebastians appealed.

Analysis

In issue one, the Sebastians argue that the trial court erred by vacating the arbitration award because Wilkerson failed to present evidence of evident partiality or any evidence to support any of the other grounds for vacatur. We review a trial court's decision to vacate an arbitration award *de novo* based on the entire record, indulging all reasonable presumptions to uphold the arbitration award. *Cambridge Legacy Grp., Inc. v. Jain*, 407 S.W.3d 443, 447 (Tex. App.—Dallas 2013, pet. denied). Because an arbitration award has the same effect as a judgment of a court

6

of last resort, it is presumed valid and entitled to great deference. *Id.* The party seeking to vacate an arbitration award bears the burden of bringing forth a complete record that establishes the necessary grounds for vacating the award. *Centex/Vestal v. Friendship West Baptist Church*, 314 S.W.3d 677, 684 (Tex. App.—Dallas 2010, pet. denied); *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.).

The Texas Arbitration Act (TAA) states that on application of a party, the court shall confirm the arbitration award unless grounds are offered for vacating, modifying, or correcting an award under sections 171.088 or 171.091. Tex. Civ. Prac. & Rem. Code Ann. § 171.087 (West 2011). Section 171.088 states that the court shall vacate an award if the rights of a party were prejudiced by the evident partiality by an arbitrator appointed as a neutral arbitrator. *Id.* § 171.088(a)(2)(A) (West 2011). "Evident partiality is established by the nondisclosure of 'facts which might, to an objective observer, create a reasonable impression of the arbitrator's partiality', regardless of whether the nondisclosed information necessarily shows partiality or bias." *Forest Oil Corp. v. El Rucio Land and Cattle Co., Inc.*, 518 S.W.3d 422, 431 (Tex. 2017) (quoting *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 524 (Tex. 2014)). "However, if an objective observer could not believe the undisclosed information might create a reasonable impression

of partiality, the information is trivial and the arbitrator did not exhibit partiality by failing to disclose it." *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 844 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

An arbitrator is only required to disclose facts that are material. *Forest Oil Corp.*, 518 S.W.3d at 431. The consequences of the nondisclosure should be directly tied to the materiality of the unrevealed information. *Mariner Fin. Grp., Inc. v. Bossley*, 79 S.W.3d 30, 32-33 (Tex. 2002). A party should have access to all information that might reasonably affect the arbitrator's partiality, which would obviously include a familial or close social relationship. *Amoco D.T. Co.*, 343 S.W.3d at 843. However, an arbitrator is not required to disclose "'trivial'" matters. *Forest Oil Corp.*, 518 S.W.3d at 431 (quoting *Burlington N. R.R. Co. v. TUCO Inc.*, 960 S.W.2d 629, 637 (Tex. 1997)). "Some undisclosed relationships are too insubstantial to warrant vacating an award." *Id.* Because the party asserting evident partiality has the heavy burden to establish specific facts that indicate an improper motive on the part of the arbitrator, the alleged partiality must be direct, definite, and capable of demonstration rather than remote, uncertain, and speculative. *Int'l Bank of Commerce-Brownsville v. Int'l Energy Dev. Corp.*, 981 S.W.2d 38, 44 (Tex. App.—Corpus Christi 1998, pet. denied).

8

In his motion to vacate, Wilkerson argued that the arbitration award should be vacated because Stovall failed to disclose her relationships with Randy and Kristin Bays, the Sebastians, and First Bank of Conroe. During the hearing on Wilkerson's motion to vacate, Wilkerson argued that Stovall's campaign contribution to Kristin indicated that they had a good relationship and showed Stovall's partiality. Kristin maintained that both she and her opponent received a $1000 campaign contribution from Stovall for their judicial campaigns for the 410th District Court, and her opponent won the election. Kristin agreed that Stovall did not disclose the contributions but asserted that campaign finance reports are available for the public to view, and the trial court noted that it could take judicial notice of Kristin's campaign finance report, which disclosed Stovall's 2016 contribution, because it is a public report. The trial court concluded that Stovall's nondisclosed campaign contribution to Kristin was not trivial and might create an impression of possible bias.

Wilkerson also complained that Stovall failed to disclose her personal relationship with Kristin, arguing that their friendship status on Facebook and membership in the same associations showed that they were close acquaintances who had a relationship. Kristin argued that social media is not evidence of a close personal friendship and that she did not know that Stovall was a member of the

9

Montgomery County Republican Women. Kristin maintained that Stovall orally disclosed to Wilkerson's former counsel that Stovall had conducted prior mediations with Kristin. According to Kristin, Wilkerson failed to show that any of his allegations concerning Stovall's failure to disclose relationships demonstrated partiality or had a direct impact on the integrity of the arbitration process.

A campaign contribution, in and of itself, without an indication of communication about, or coordination of, the handling of a case, does not create bias or the appearance of impropriety. *AVPM Corp. v. Childers*, __S.W.3d __, 2018 WL 4870931, at \*2 (Tex. App.—Dallas 2018, pet. filed); *Aguilar v. Anderson*, 855 S.W.2d 799, 802 (Tex. App.—El Paso 1993, writ denied). A reasonable member of the public understands that trial judges commonly rely on members of the bar for campaign assistance and would not conclude that the relationship between Stovall and Kristin would translate into bias in favor of Kristin or other attorneys at her law firm. *See Hansen v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 779-80 (Tex. App.—Dallas 2011, no pet.). Additionally, a Facebook friendship does not show the degree or intensity of a judge's relationship with a person, and thus, standing alone, provides no insight into the nature of a relationship. *Youkers v. State*, 400 S.W.3d 200, 206 (Tex. App.—Dallas 2013, pet. ref'd).

Based on our examination of the entire record, Wilkerson has failed to show that Stovall and Kristin have a significant social relationship or any other fact that might cause a person to reasonably doubt Stovall's ability to be impartial, nor does the record show a pecuniary interest, direct or indirect, flowing from Kristin to Stovall. *See Karsleng v. Cooke*, 346 S.W.3d 85, 96 (Tex. App.—Dallas 2011, no pet.); *Int'l Bank of Commerce-Brownsville*, 981 S.W.2d at 46. The record also fails to show that there is any personal, social, business, or political interest that will be affected by the outcome of the arbitration. *See Int'l Bank of Commerce-Brownsville*, 981 S.W.2d at 46. We conclude that the facts demonstrating the relationship between Kristin and Stovall would not, to an objective observer, create a reasonable impression of Stovall's partiality if not disclosed by Stovall. *See TUCO*, 960 S.W.2d at 636. We further conclude that the record does not show that the relationship between Stovall and Kristin was substantial enough to require disclosure. *See Forest Oil Corp.*, 518 S.W.3d at 431; *TUCO*, 960 S.W.2d at 637.

Wilkerson also complains that Stovall's failure to disclose her relationship with the Sebastians is evidence of Stovall's evident partiality. The record shows that Stovall first met the Sebastians during arbitration, and Stovall's only connection to the Sebastians concerned a purchase from their business fifteen years before the arbitration occurred. We conclude that Stovall was not required to disclose her prior

11

relationship with the Sebastians because it was a trivial and insubstantial matter. *See Forest Oil Corp.*, 518 S.W.3d at 431; *TUCO*, 960 S.W.2d at 637. Additionally, the nondisclosure would not, to an objective observer, create a reasonable impression of Stovall's partiality, because it is based on a remote relationship that has no effect on Stovall's interest in the outcome of the arbitration. *See TUCO*, 960 S.W.2d at 635-36.

Wilkerson further argues that Stovall failed to disclose her relationship with First Bank of Conroe and her prior business dealings with Dan Dominy; however, the record shows that Wilkerson informed the trial court that Stovall disclosed these relationships during arbitration, and Wilkerson's counsel did not object. Because Stovall disclosed these relationships during the arbitration and Wilkerson failed to complain, Wilkerson has waived his complaint for appeal. *See Kendall Builders, Inc. v. Chesson*, 149 S.W.3d 796, 804-06 (Tex. App.—Austin 2004, pet. denied); *Quinn v. Nafta Traders, Inc.*, 360 S.W.3d 713, 719 (Tex. App.—Dallas 2012, pet. denied).

Under the circumstances of this case, we conclude that Wilkerson failed to satisfy his burden of showing that Stovall's nondisclosures would create a reasonable impression of partiality to an objective observer. Accordingly, we conclude that the trial court erred by vacating the arbitration award. We sustain issue one. Having concluded that the trial court erred by vacating the award, we need not

12

address the Sebastians' second issue as it would not result in greater relief. *See* Tex. R. App. P. 47.1. We reverse the trial court's order vacating the arbitration award and remand this case to the trial court to enter an order confirming the arbitration award.

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 20, 2018
Opinion Delivered February 7, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.