**Affirmed and Opinion Filed October 19, 2023.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00581-CV

**MINIMALLY INVASIVE SURGERY INSTITUTE, LLC, Appellant**
**V.**
**MISI REALTY CC DALLAS, LP, MISI ASC DALLAS, LLC, MISI
DALLAS LEASING LTD., DR. MICHAEL B. RIMLAWI, D.O., DR.
MRUGESHKUMAR (MIKE) SHAH, M.D., AND DR. BRYCE I. BENBOW,
D.O., Appellees**

**On Appeal from the 193rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-22-03053**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Partida-Kipness

Appellant Minimally Invasive Surgery Institute LLC ("MISI") appeals from

the trial court's judgment confirming an arbitration award. In four issues, MISI

contends (1) the Federal Arbitration Act should have governed the arbitration at

issue, (2) "manifest disregard of the law" is a proper ground for vacating an

arbitration award, (3) the award should be vacated because the arbitrator manifestly

disregarded the law on a commercial tenant's entitlement to rely on a landlord's

representations, and (4) the award should be vacated because the arbitrator manifestly disregarded the Texas Tax Code. We affirm.

## BACKGROUND

This case arises from a series of contracts between MISI and Appellees surrounding the purchase of an ambulatory surgery center. At issue here are the negotiations and effect of the lease agreement and an equipment purchase agreement. Soon after executing the agreements, the relationship between the parties soured. MISI invoked the arbitration clause contained in the lease, and the dispute was submitted to binding arbitration through JAMS. MISI brought claims of fraudulent inducement and breach of contract. Appellees brought various claims not relevant to this appeal. The arbitration took place over four days in November 2021 before the Hon. Glen M. Ashworth. The arbitrator entered a Final Award on January 25, 2022, and issued findings and conclusions. According to the Final Award, the arbitration proceedings included offers of proof, presentation of counsel statements, witness testimony, deposition and documentary evidence, and post-arbitration briefs. The Final Award denied MISI's claims for fraud and breach of contract but approved some of Appellees' claims and awarded certain damages and post-judgment interest to Appellees.

In the underlying court proceeding, Appellees sought confirmation and enforcement of the arbitration award. After briefing by the parties, the trial court

conducted a hearing on Appellees' motion to confirm and enforce the award. The trial court entered judgment confirming the arbitration award. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's decision to confirm an arbitration award de novo, based on the entire record. *Cambridge Legacy Grp., Inc. v. Jain*, 407 S.W.3d 443, 447 (Tex. App.—Dallas 2013, pet. denied). Judicial review of arbitration awards "adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *Nerium Biotechnology, Inc. v. Neora, LLC*, No. 05-22-00234-CV, 2023 WL 1794042, at *1 (Tex. App.—Dallas Feb. 7, 2023, no pet.) (mem. op.) (quoting *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 263 (Tex. App.—San Antonio 2003, pet. denied)). Because of this, arbitration awards are afforded great deference by the courts. *Skidmore Energy, Inc. v. Maxus (U.S.) Expl. Co.*, 345 S.W.3d 672, 677 (Tex. App.—Dallas 2011, pet. denied). All reasonable presumptions are indulged to uphold the arbitrator's decision, and none are indulged against it. *Jain*, 407 S.W.3d at 447. When reviewing an arbitration award, we may not substitute our judgment merely because we would have reached a different decision. *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.—Dallas 2009, no pet.). An arbitration award has the same effect as the judgment of the trial court. *Skidmore Energy*, 345 S.W.3d at 677. The party seeking to vacate the arbitration award bears the burden of proving the grounds for vacatur. *Jain*, 407 S.W.3d at 449.

## ANALYSIS

In four issues, MISI argues the trial court's judgment should be reversed and the arbitration award vacated. We will address each issue in turn.

## I. Federal Arbitration Act or Texas Arbitration Act?

In its first issue, MISI urges application of the Federal Arbitration Act (FAA) when determining the propriety of the arbitration award. The lease does not specify whether the arbitration is governed by the FAA or the Texas Arbitration Act (TAA). The FAA and the TAA are not mutually exclusive. "When both acts apply, the FAA preempts the TAA only if the TAA is inconsistent with the FAA or affects the enforceability of the contract." *Barantas Inc. v. Enter. Fin. Grp., Inc.*, No. 05-17-00896-CV, 2018 WL 3738089, at *5 (Tex. App.—Dallas Aug. 7, 2018, no pet.) (mem. op.); *see also In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 779 (Tex. 2006) (orig. proceeding) (FAA only preempts contrary state law). Here, we need not determine which act applies because our conclusion would be the same under either act. *See Jain*, 407 S.W.3d at 448.

## II. Manifest Disregard of the Law

In its second issue, MISI asserts that an arbitrator's "manifest disregard of the law" is a ground for vacating an arbitration award. In issues three and four, MISI asserts the arbitration award should be vacated because the arbitrator manifestly disregarded the law (1) by imposing a diligence standard on MISI for its fraudulent

inducement claims that the law does not require, and (2) by ignoring provisions of the Texas Tax Code in determining MISI's breach of contract claims.

Under the terms of the FAA, an arbitration award must be confirmed unless it is vacated, modified, or corrected under one of the limited grounds set forth in sections 10 and 11 of the FAA. *Jain*, 407 S.W.3d at 448 (citing 9 U.S.C. §§ 9–11 (West 2009)). Likewise, under the TAA, the trial court shall confirm an arbitration award on application of a party unless grounds are offered for vacating, modifying, or correcting the award under section 171.088 or 171.091 of the TAA. *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 171.087 (West 2011)). A reviewing court may not vacate or modify an arbitration award governed by the FAA or the TAA on any grounds other than those specified in the statutes. *Id.* (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584, 128 S. Ct. 1396, 170 L.Ed.2d 254 (2008)); *Hoskins v. Hoskins*, 497 S.W.3d 490, 495 (Tex. 2016) ("[T]he TAA mandates that, *unless* a statutory vacatur ground is offered, the court *shall* confirm the award.") (emphasis in original).

"Manifest disregard of the law" is not a valid ground for vacating an arbitration award under the FAA or TAA. *Hoskins*, 497 S.W.3d at 494; *Nerium Biotech.*, 2023 WL 1794042, at *3 ("[W]e may not vacate an arbitration award for errors in interpretation, application of the law or facts, or even manifest disregard for the law."); *Ancor Holdings*, 294 S.W.3d at 829; *see Citigroup Glob. Markets,*

*Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) ("manifest disregard of the law" not viable under the FAA).

Because "manifest disregard of the law" is not a valid basis for vacating an arbitration award under the FAA or TAA, MISI's arguments that the arbitrator manifestly disregarded the law when determining MISI's fraudulent inducement and breach of contract claims necessarily fail.[1] We overrule MISI's second, third, and fourth issues.

## III.    Absence of Full Arbitration Record

We would reach the same conclusion even if "manifest disregard of the law" were a valid basis for vacating an arbitration award because the full arbitration record is not before us. The non-prevailing party seeking to vacate an arbitration award bears the burden in the trial court of bringing forth a complete record that establishes the basis for vacating the award. *Nerium Biotech.*, 2023 WL 1794042, at *2 (citing *In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 401 (Tex. App.—Dallas 2009, pet. denied)). "When there is no transcript of the arbitration hearing, the appellate court will presume the evidence was adequate to support the award." *Id.* (quoting *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 566, 568 (Tex. App.—Dallas 2008, no pet.)); *see NAFTA Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101–02

---

[1]    Although MISI frames its arguments under a theory of "manifest disregard of the law," MISI's substantive complaint is the arbitrator misapplied the law to the facts. That complaint, like an argument of manifest disregard of the law, is not a proper ground for vacatur. *Nerium Biotech.*, 2023 WL 1794042, at *2.

(Tex. 2011) (absence of complete record precludes determination of basis for award).

Here, the Final Award notes the four-day arbitration included offers of proof, counsel statements, witness testimony, deposition and documentary evidence, and post-arbitration briefs. The arbitration award also states: "All issues have been determined by the evidence presented during the full arbitration." The award provides findings and conclusions with analysis. But the record contains little more than the arbitration award, the lease agreement, and the trial court order granting the motion to confirm the arbitration award. There is no list of exhibits or witnesses, no record of exhibits admitted into evidence or rulings on evidentiary objections, and no transcript of the proceedings. The trial court and appellate records do not include a complete record of the arbitration, and what is included is insufficient to allow this Court to conduct a meaningful review of any claimed "manifest disregard of the law" by the arbitrator.

MISI argues we do not need the arbitration record because we only need to determine if the arbitrator disregarded the law, not whether there was evidentiary error or insufficiency. We rejected a similar argument in *Nerium Biotechnology*: "Biotech provides no authority, nor are we aware of any, providing for court review of arbitration based on an arbitration award in lieu of a full record. Without a full record, we are unable to determine the basis for the award." *Nerium Biotech.*, 2023 WL 1794042, at *3. Without any record, we must presume the evidence presented

supported the award. *Allegheny Millwork, Inc. v. Honeycutt*, No. 05-21-00113-CV, 2022 WL 2062876, at *3 (Tex. App.—Dallas June 8, 2022, pet. denied) (mem. op.).

## CONCLUSION

Because "manifest disregard of the law" is not a proper basis for vacating an arbitration award under either the FAA or TAA, and in the absence of a complete arbitration record, the trial court did not err in confirming the arbitration award in favor of Appellees. Accordingly, we affirm the judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

220581F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MINIMALLY INVASIVE
SURGERY INSTITUTE, LLC,
Appellant

No. 05-22-00581-CV     V.

MISI REALTY CC DALLAS, LP,
MISI ASC DALLAS, LLC, MISI
DALLAS LEASING LTD., DR.
MICHAEL B. RIMLAWI, D.O., DR.
MRUGESHKUMAR (MIKE)
SHAH, M.D., AND DR. BRYCE I.
BENBOW, D.O., Appellees

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-03053.
Opinion delivered by Justice Partida-
Kipness. Justices Reichek and
Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that Appellees MISI REALTY CC DALLAS, LP, MISI ASC DALLAS, LLC, MISI DALLAS LEASING LTD., DR. MICHAEL B. RIMLAWI, D.O., DR. MRUGESHKUMAR (MIKE) SHAH, M.D., AND DR. BRYCE I. BENBOW, D.O. recover their costs of this appeal from appellant MINIMALLY INVASIVE SURGERY INSTITUTE, LLC.

Judgment entered this 19th day of October, 2023.